IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51211
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS HUNG-CEBRECO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
No. SA-98-CR-100-ALL

_____

August 6, 1999

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

This case requires us to assess whether a Border Patrol agent
had a reasonable suspicion to justify pulling over a Dodge minivan
near Schertz, Texas. The stop revealed seven undocumented aliens
from Mexico who were in the United States illegally. The driver of
the van, Carlos Hung-Cebreco, was indicted on two counts of
transporting an illegal alien, and filed a motion to suppress.
When this motion was denied, Hung-Cebreco pleaded guilty but
expressly reserved his right to appeal the denial.

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

A roving Border Patrol agent may stop a vehicle if the agent's observations lead him reasonably to suspect that a particular vehicle may contain aliens who are illegally in the country.  See United States v. Brignoni-Ponce, 422 U.S. 873, 881 (1975).  Factors relevant include the characteristics of the area, its proximity to the border, the usual traffic patterns there, information about recent crossings, the driver's behavior, and the vehicle's appearance.  See id. at 884-85.  We review the district court's factual findings for clear error and its legal conclusion based on the facts de novo.  See United States v. Inocencio, 40 F.3d 716, 721 (5th Cir. 1994).  "Each case must turn on the totality of the particular circumstances."  Brignoni-Ponce, 422 U.S. at 885 n.10.

According to testimony by the border patrol agent, a veteran of twenty years (ten years at the San Antonio station), whom the district court found to be credible, a variety of factors contributed to his decision to pull over the vehicle.  Although the northbound portion of Interstate Highway 35 was not near the border, it had been a significant artery for illegal alien transportation.  Alien smuggling was relatively common at 2:00 a.m., when the minivan was pulled over.  There was testimony that crossing the border at sundown is popular.  Northbound vehicles crossing at sundown would be in the approximate area of the arrest at 2:00 a.m.  The passenger van was an older model, which smugglers often use to limit their losses in event of seizure.  It appeared to be heavily laden, and the back seats were removed, both common features of vehicles being used for smuggling.  The driver was

2

having difficult keeping the van in his lane and had a "death grip" on the wheel. The driver and passenger were both Hispanic males, and they seemed nervous when the Border Patrol car approached.

While none of these factors individually would be sufficient, we have found on previous occasions that several of them may contribute to reasonable suspicion. See, e.g., United States v. Garcia, 732 F.2d 1221, 1224 (5th Cir. 1984) (presence on portion of IH-35 known for smuggling); United States v. Pallares-Pallares, 784 F.2d 1231, 1234 (5th Cir. 1986) (weighed down vehicle); United States v. Nichols, 142 F.3d 857, 868 (5th Cir. 1998) (behavior of drivers).

No mathematical formula is available to resolve these cases, and we must apply our best legal judgment. Given the combination of the various factors, we do not find that the district court erred in concluding that the border patrol agent had reasonable suspicion to pull the vehicle over. We thus affirm its decision to deny the motion to suppress.[1]

AFFIRMED.

---

[1]In the 21 months preceding this arrest, the seven Border Patrol agents of the San Antonio station apprehended over 10,000 undocumented aliens.